TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Frank Fornaro

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Fornaro, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Sallie Mae, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Frank Fornaro, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Frank Fornaro (hereafter "Plaintiff"), is an adult individual residing at 7514 East Inverness, Mesa, Arizona 85209, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Sallie Mae, Inc. (hereafter "Sallie Mae"), is a company with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as defined by 47 U.S.C. § 153(10).

## **FACTS**

6. Within the last year, Sallie Mae placed calls to Plaintiff's cellular telephone to collect on a student loan debt.

7. Sallie Mae placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

8. Often times when Plaintiff answered the phone, he was met with a prerecorded message stating the call was from Sallie Mae in an attempt to collect a debt, followed by a period of silence until a live representative would come on the line.

9. Plaintiff never provided his cellular telephone number to Sallie Mae and never provided his consent to Sallie Mae to be contacted on his cellular telephone.

10. Plaintiff advised Sallie Mae on multiple occasions that he had already set up payment arrangements with them and requested that Sallie Mae cease all calls to him.

11. Thereafter, despite being instructed by Plaintiff not to call him, Sallie Mae continued to place numerous calls to Plaintiff's cellular telephone.

### A. **Plaintiff Suffered Actual Damages**

12. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

13. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last year, Sallie Mae called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and by using a prerecorded or artificial voice.

16. In defining on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Sallie Mae's telephone systems have all the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he experienced the "dead air" as described and prohibited by the FCC, and Plaintiff waited several seconds before Sallie Mae's telephone system would connect her to the next available representative.

18. Often times when Plaintiff answered the phone, he experienced the dead air before Sallie Mae's phone system would use an automated voice to deliver a message.

19. Sallie Mae's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Plaintiff never provided his cellular telephone number to Sallie Mae and never provided his consent to be contacted on his cellular telephone.

21. Without prior consent, Sallie Mae contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22. Sallie Mae continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times that there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23. The telephone number called by Sallie Mae was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

5

24. The calls from Sallie Mae to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

30. Sallie Mae intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced calls.

31. The telephone calls made by Sallie Mae to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

32. The conduct of Sallie Mae in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Sallie Mae.

34. All acts of Sallie Mae were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages from the Defendant for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 17, 2013             LEMBERG & ASSOCIATES, LLC

                                      By:    /s/   Trinette G. Kent
                                      Trinette G. Kent

                                      Attorney for Plaintiff,
                                      Frank Fornaro